**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3083-24

THE LAW OFFICE OF RAJEH
A. SAADEH, LLC,

    Plaintiff-Appellant,

v.

WENDY MCCARSKY,

    Defendant-Respondent.

_____

Submitted March 10, 2026 – Decided April 7, 2026

Before Judges Firko and Vinci.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0130-25.

Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

By leave granted, plaintiff The Law Office of Rajeh A. Saadeh, LLC appeals from an April 24, 2025 order denying its request for summary disposition pursuant to Rule 4:67-1(a) seeking the entry of judgment against defendant Wendy McCarsky in the amount of $15,715.43 based on a fee arbitration determination (fee award) of the District XIII Fee Arbitration Committee (Committee), and $6,704.03 in contractual attorneys' fees and costs pursuant to the parties' retainer agreement. Because the court improperly denied plaintiff's application for judgment in the amount of the fee award, we reverse that aspect of the April 24 order. We affirm to the extent the order denied plaintiff's application to proceed in a summary manner on its separate contractual claim for fees and costs.

On November 2, 2022, the parties entered into a retainer agreement in connection with a post-judgment matrimonial matter relating to the negotiation of a Qualified Domestic Relations Order (QDRO) for equitable distribution of defendant's ex-husband's retirement account. The retainer agreement provides, "[s]hould it be necessary to utilize the legal process to collect any amount outstanding, [plaintiff] will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of [plaintiff], and reasonable expenses."

2

Plaintiff assigned an associate, Rachel L. Baxter, Esq., to represent defendant. On April 1, 2024, Baxter left plaintiff to form her own firm. The QDRO was not completed when Baxter left. On April 10, 2024, plaintiff sent defendant a fee arbitration pre-action notice demanding payment of unpaid invoices in the amount of $15,715.43. Defendant requested fee arbitration, and a hearing was conducted by the Committee on November 14, 2024.

Plaintiff did not seek "any costs associated with collection efforts as [it] would be permitted to do [so] in a court action under the[] retainer agreement." Defendant testified at the hearing and "explained she was not contesting the reasonableness of the fees or the amount of money she owes." Defendant contended she was not yet obligated to pay plaintiff because "Baxter agreed that once the QDRO was in place, [defendant] would pay [plaintiff]."

On December 10, 2024, the Committee determined "the fees charged by [plaintiff] were reasonable" and issued the fee award. In doing so, the Committee noted "[u]ltimately, [plaintiff] (through . . . Baxter) was able to obtain the result [defendant] sought, namely, entry of a QDRO." The fee award did not include any amount for "costs and disbursements." The Committee advised defendant she had twenty-one days to appeal the fee award to the

A-3083-24

Disciplinary Review Board (DRB). Defendant did not appeal to the DRB or pay the fee award.

On January 13, 2025, plaintiff filed a verified complaint seeking "[r]eduction of the [fee award] . . . of $15,715.43 to judgment" (count one), and "[c]ontract damages . . . in the amount of $6,704.03" for the "costs of collection" based on the retainer agreement (count two). Plaintiff simultaneously applied for an order to show cause (OTSC) to proceed in a summary manner pursuant to Rule 4:67-1(a) and Rule 1:20A-3(e).

Defendant, self-represented, filed an answer in which she denied she was obligated to pay plaintiff because an "agreement was set in place to pay [p]laintiff . . . when [the] QDRO was completed." Defendant asserted she "made numerous pleas to [p]laintiff . . . to please continue [the] agree[ment] that was made in 2023 [where] the fee would [be] paid once [the] QDRO was complete."

On March 7, 2025, the court conducted a remote hearing on plaintiff's application for an OTSC. Defendant appeared and testified that the "QDRO [was] still not finished" and Baxter agreed she did not need to pay plaintiff until the QDRO was completed. Defendant conceded she did not appeal the fee award to the DRB.

A-3083-24

The court noted it was "concern[ed] . . . that the [Committee] in their decision seem[ed] to have clearly made a mistake . . . because they sa[id] that now the QDRO is completed . . . so [defendant has] to pay." The court acknowledged defendant "should have filed an appeal [to the DRB] within [twenty-one] days but she did[ not]." It was "hesitant to be hard on [defendant] because the [Committee] clearly made an error" when "[t]hey said that the QDRO has been completed." The court adjourned the hearing to "have . . . Baxter join . . . because if [she] confirm[ed] that . . . was the agreement that was made, and the arbitration award was made with the mistaken belief that the QDRO had actually been completed . . . then the arbitration award is a mistake."

On April 24, 2025, the court conducted a second remote hearing on plaintiff's application for an OTSC. The court was unable to contact Baxter and she did not appear. Baxter, however, sent an email to the court stating she "did advise [defendant] that given her financial situation, [she] would wait until the QDRO [was] done before seeking payment of the legal fees."[1] Baxter "acknowledge[d] . . . [her] representations to work with [defendant] and have

---

[1] Baxter's email is not included in the appellate record. Our understanding of the content of the email is based on the transcript of the April 24 hearing.

A-3083-24

her balance satisfied upon completi[on] . . . of the [QDRO] were not made on behalf of [plaintiff]." Baxter confirmed "there is no written agreement between [defendant] and [plaintiff] for her balance to be satisfied as previously described."

After hearing argument, the court entered an order denying plaintiff's application for an OTSC supported by an oral opinion and a brief written statement of reasons. In its written statement of reasons, the court found "a significant fact relied upon by the [Committee] was false." In its oral opinion, the court determined "[i]t appears . . . there is a fact question as to whether or not [plaintiff] agreed to hold off on collections until the QDRO was completed." Specifically, "whether or not there is an agreement entered by someone who had apparent authority to enter into that agreement."

With respect to the fee award, the court determined "there is a fact question that was not addressed in the arbitration. In fact, in the arbitration [the Committee] . . . said there was no . . . dispute, that the QDRO was done. So[,] the arbitration award was mistaken." The court concluded it could not "enter an order on a summary fashion when there is a fact question like that outstanding" and would "allow the parties to proceed with whatever discovery is appropriate."

6

We reverse the April 24, 2025 order to the extent it denied plaintiff's application, pursuant to Rule 4:67-1(a) and Rule 1:20A-3(e), for the entry of judgment in the amount of the fee award. We review a trial court's interpretation of court rules de novo. State v. Anthony, 443 N.J. Super. 553, 564 (App. Div. 2016) (citation omitted).

The court rules make clear that the DRB has exclusive jurisdiction to review a fee arbitration committee determination. It has long been established that the Law Division lacks jurisdiction to review a fee arbitration determination. See Linker v. Co. Car Corp., 281 N.J. Super. 579, 586 (App. Div. 1995) (finding, under an earlier iteration of the applicable rules, the Law Division is powerless to review a fee arbitration award).

Pursuant to Rule 1:20A-2(a), "[a] fee arbitration determination is final and binding upon the parties except as provided by [Rule] 1:20A-3(c)." Rule 1:20A-3(c) provides that "[n]o appeal from the determination of a [f]ee [c]ommittee may be taken by the client or the attorney to the [DRB] except" under limited specifically enumerated circumstances. Rule 1:20A-3(d) requires that "[t]he party taking an appeal shall file a notice of appeal in the form prescribed by the [DRB] within twenty-one days after . . . receipt of the [f]ee [c]ommittee's written arbitration determination."

Rule 1:20A-3(e) provides:

> [T]he attorney or client may, by summary action brought pursuant to Rule 4:67, obtain judgment in the amount of the fee or refund as determined by the [f]ee [c]ommittee. In any application for the entry of a judgment in accordance with this rule, no court shall have jurisdiction to review a fee arbitration committee determination. Said review is reserved exclusively to the [DRB] under Rule 1:20-15(l).[2]

Here, the court improperly reviewed the fee award and determined the Committee "was mistaken." Pursuant to Rule 1:20A-3(e), review of a fee arbitration determination is reserved exclusively to the DRB. It is undisputed defendant did not appeal the fee award to the DRB. As expressly provided in Rule 1:20A-3(e), the court lacked jurisdiction to review the fee award and was required to enter judgment "in the amount of the fee . . . as determined by the" Committee.

We conclude, however, the court correctly denied plaintiff's request for summary disposition on count two of the complaint seeking an award of contractual fees and costs not included in the fee award. We reach this conclusion for two reasons.

---

[2] Rule 1:20-15(l) provides, "[t]he [DRB] shall review an appeal from a determination of a fee arbitration committee in accordance with [Rule] 1:20A-3(c)."

First, plaintiff's request to proceed in a summary manner on its contractual claim for fees and costs pursuant to Rule 4:67-1(a) was improper.[3] Rule 4:67-1(a) applies only to "actions in which the court is permitted by rule or by statute to proceed in a summary manner." In support of its request to proceed in a summary manner, plaintiff relied on Rule 1:20A-3(e), which provides, "the attorney . . . may, by summary action brought pursuant to Rule 4:67, obtain judgment in the amount of the fee . . . as determined by the [f]ee [c]ommittee."

In this case, the fee award did not include any amount for "costs and disbursements." Plaintiff's claim for fees and costs is based on its purported contractual right under the retainer agreement, not the fee award. Therefore, plaintiff's reliance on Rule 1:20A-3(e) in support of its application for summary disposition was misplaced. Because there is no applicable rule or statute that permits the court to proceed in a summary manner on plaintiff's claim for contract damages, plaintiff did not have the right to seek summary disposition pursuant to Rule 4:67-1(a).

---

[3] Because "an appeal is taken from a trial court's ruling rather than reasons for the ruling, we may rely on grounds other than those upon which the trial court relied." State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). "A trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning." Hayes v. Delamotte, 231 N.J. 373, 387 (2018).

A-3083-24

Second, even if plaintiff's application was properly supported, we are satisfied the court appropriately denied its application for summary disposition on count two. We review a court's summary disposition determination for an abuse of discretion. See Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (stating that because a trial court's denial of summary disposition is a discretionary ruling, an appellate court will "reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances" (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007))).

Based on defendant's testimony at the March 7 and April 24, 2025 hearings and the correspondence it received from Baxter, the court determined there exists a material question of fact that precludes summary disposition. Specifically, whether plaintiff, through Baxter, entered into an agreement with defendant to defer her obligation to pay any outstanding fees and costs until after the QDRO was completed. There is no reason for us to conclude the court misapplied its discretion by denying plaintiff's request for summary disposition on count two and permitting the parties to conduct discovery.

10

Reversed as to count one and remanded for entry of judgment in the amount of the fee award. Affirmed as to count two and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3083-24